**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONNIE MONEY COLEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN EROGUL, et al.,<br><br>    Defendants. | Case No.: 3:17-cv-00649-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 66, 81 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Dr. John Erogul's motion for summary judgment (ECF No. 66) and Plaintiff's motion to dismiss Dr. Erogul as a defendant (ECF No. 81).

After a thorough review, it is recommended that Plaintiff's motion to dismiss Dr. Erogul should be granted, and Dr. Erogul's motion for summary judgment should be denied as moot.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 5.) The events giving rise to this action took place while Plaintiff was housed at High Desert State Prison (HDSP). (*Id.*)

Plaintiff was allowed to proceed on an Eighth Amendment deliberate indifference to serious medical needs claim in Count I against Noreen Borino, Patrick Moreda, Dr. Richard Wulff, Dr. John Erogul and Doe HDSP medical staff (when he learns that person's identity). In addition

he was allowed to proceed with a due process claim in Count II against a Doe NNCC Administrator when Plaintiff learned that person's identity. (Screening Order, ECF No. 6.)

Dr. Erogul was served, and an appearance was entered by counsel for Dr. Erogul on May 7, 2019. (ECF No. 38.) On October 11, 2019, Dr. Erogul filed his motion for summary judgment. (ECF Nos. 66, 67, 67-1 to 67-2, 72, 72-1, 72-2.) Dr. Erogul argued he was not an employee or contractor of NDOC, and as such not a state actor subject to liability under 42 U.S.C. § 1983. Instead, he is a private radiologist who only provided assistance during the surgery, and did not deny Plaintiff physical therapy as is alleged in the amended complaint.

In response to the motion, Plaintiff filed a motion to dismiss Dr. Erogul as a defendant (ECF No. 81), which Dr. Erogul does not oppose. (ECF No. 82.)

## II. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) governs voluntarily dismissal of an *action* at the request of a plaintiff. Federal Rule of Civil Procedure 15 governs amendment of pleadings. Federal Rule of Civil Procedure 21 governs misjoinder of parties. Since Plaintiff does not seek to dismiss the action but only a defendant, it appears that voluntary dismissal of a defendant would be appropriate under either Rule 15 or Rule 21, and not Rule 41. Under Rule 15(a)(2), Plaintiff may seek leave to amend a pleading. Rule 21 states: "On motion or on its own, the court may at any time, on just terms, add or drop a party."

The court finds that dismissal of Dr. Erogul is appropriate under Rule 21. Therefore, Plaintiff's motion to dismiss Dr. Erogul (ECF No. 81) should be granted, and Dr. Erogul should be dismissed with prejudice. As a result, Dr. Erogul's motion for summary judgment (ECF No. 66) should be denied as moot.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Plaintiff's motion to dismiss Dr. Erogul (ECF No. 81), and **DENYING** Dr. Erogul's motion for summary judgment (ECF No. 66) as **MOOT**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  October 29, 2019.

_____
William G. Cobb
United States Magistrate Judge