**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

RONNIE MONEY COLEMAN,

    Plaintiff,

v.

RICHARD WULFF, et al.,

    Defendants.

Case No.: 3:17-cv-00649-MMD-WGC

**ORDER**

Re: ECF No. 103

Before the court is Plaintiff's "Motion Noreen Borino as a Defendant" (ECF No. 103). Plaintiff requests the court to reinstate Noreen Borino "as a Defendant and service be validated by Plaintiff's waiver of service to Borino last known address." (*Id*. at 4.)

In the Screening Order entered by Chief District Judge Miranda M. Du, Plaintiff's First Amended Complaint was allowed to proceed on Count I alleging deliberate indifference to a serious medical need against Defendants Borino, Moreda, Wolff, Erogul and Doe HDSP Medical Staff, and on Count II alleging a due process violation against Doe NNCC Administrator. (ECF No. 6 at 6, 7.) The screening order imposed a ninety (90) day stay to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before the $350.00 filing fee was paid, an answer filed, or the discovery process began. (*Id.*)

On January 29, 2019, an early mediation conference was held, but a settlement was not reached. (ECF No. 13.)

On February 11, 2019, the court entered its order (ECF No. 16) granting Plaintiff's application to proceed *in forma pauperis* and instructed the Clerk to electronically serve a copy of its order and a copy of Plaintiff's First Amended Complaint on the Office of the Attorney General.

Additionally, subject to the findings of the screening order (ECF No. 6), the court ordered the Office of the Attorney General to file a notice within twenty-one (21) days advising the court and Plaintiff of: (a) the names of the Defendants for whom it accepts service; (b) the names of the Defendants for whom it does not accept service, and (c) the names of the Defendants for whom it is filing the last-known-address information under seal. As to any of the named Defendants for whom the Attorney General's Office could not accept service, the Office was instructed to file, under seal, the last known address(es) of the Defendant(s) for whom it had such information. The court also advised Plaintiff that service must be perfected within ninety (90) days of February 11, 2019. (*Id.* at 2, 3.)

On February 28, 2019, the Office of the Attorney General filed its Notice of Acceptance of Service accepting service on behalf of Defendant Patrick Moreda and advising that "service is not accepted on behalf of Defendant Noreen Borino who is a former employee of the Nevada Department of Corrections. The last known address for this Defendant will be filed under seal concurrent with this filing." (ECF No. 19 at 1.)

On March 1, 2019, the court issued its order instructing the Clerk to issue a summons for Defendant Noreen Borino and to send the same to the U.S. Marshal with the Defendant's last known address provided under seal (ECF No. 20). (ECF No. 22.) Additionally, the court ordered the Clerk to send Plaintiff a USM-285 form and instructed Plaintiff to return the completed form to the U.S. Marshal for service on Defendant Borino. (*Id.*)

On April 22, 2019, the U.S. Marshal returned the USM-285 form unexecuted with the notation that Borino "no long (sic) lives @ provided address." (ECF No. 37 at 1.)

On July 23, 2019, the Clerk's office issued a Rule 4(m) notice as to Defendant Noreen Borino advising Plaintiff that his "amended complaint was filed on 8/31/2018 and to date no proper proof of service has been filed as to this defendant." (ECF No. 48.)

On August 26, 2019, Plaintiff filed a motion for summons for Borino (ECF No. 59). The court issued an order instructing the Attorney General's office to advise "within 15 days whether it is able to find an alternative physical address for Defendant Noreen Borino. If a more current address is secured for this Defendant, the Attorney General shall file the address under seal and the court will direct the U.S. Marshal to again attempt to effect service." (ECF No. 61.)

On September 12, 2019, Deputy Attorney General Harry Ward filed a Notice to the Court advising that his "staff has left a voicemail message for Noreen Borino on the only phone number known to my staff and believed to be that of Noreen Borino. That voicemail message left by our office was for her to call our office at her earliest convenience." (ECF No. 64, Ex.1.)

On October 11, 2019, the Clerk's office issued a second Rule 4(m) notice advising Plaintiff that there had been no proper proof of service as to Defendant Noreen Borino. (ECF No. 65.)

On October 21, 2019, Plaintiff filed a Request for Summons for Noreen Borino. (ECF No. 75.) On October 23, 2019, the court denied Plaintiff's request and stated:

> Pursuant to the court's order of March 1, 2019 (ECF No. 22), the U.S. Marshal attempted service on Defendant Noreen Borino on April 15, 2019, but was returned by the U.S. Marshal because Defendant Borino apparently no longer resides at the address provided by the Attorney General's Office (under seal). (ECF No. 37.)
>
> On August 26, 2019, Plaintiff filed a Motion for Court Oder for Court Clerk to Issue Summons and Complaint to Borino. (ECF No. 59.)

> On August 28, 2019, the court instructed the Office of the Attorney General to advise the court within fifteen (15) days whether it was able to find an alternative physical address for Defendant Borino. (ECF No. 61.) In response to the court's order, Defendants filed their Notice to the Court advising that they did not have an updated address for Defendant Borino. (ECF No. 64.)
>
> Based on the above, the court finds that issuing another summons for Defendant Borino would be an act of futility. Therefore, Plaintiff's "Request Summons from Court Clerk for Noreen Borino and Address" (ECF No. 75) is **DENIED**.

(ECF No. 77.)

On October 28, 2019, Plaintiff filed three (3) motions: (1) "Motion for Defendants/Attorney General to Serve Noreen Borino Plaintiff's Summons and Complaint/or Court Clerk" (ECF No. 78), (2) "Motion Attorney General Appointed by Court to Accept Service of Process for Borino" (ECF No. 79), and (3) "Motion Court to Order Court Clerk to Seal Stamp, Sign, and Date Summons" (ECF No. 80). On October 29, 2019, the court denied Plaintiff's motions. (ECF No. 84.)

On January 6, 2020, Chief District Judge Du entered an Order of Dismissal without prejudice as to Defendant Noreen Borino for failure to effect service. (ECF No. 102.)

As indicated above, the court and the Office of the Attorney General have tried to locate Defendant Noreen Borino and have been unsuccessful.

Therefore, Plaintiff's Motion to Reinstate Noreen Borino as a Defendant (ECF No. 103) is **<u>DENIED</u>**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 3-1, specific written objections to this Order within fourteen days of being served with a copy of the Order. These

4

objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the district judge.

2. This is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

**IT IS SO ORDERED**.

Dated: February 4, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE