UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RONNIE MONEY COLEMAN, | Case No. 3:17-cv-00649-MMD-WGC |
|---|---|
| Plaintiff, | ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |
| v. | |
| JOHN EROGUL, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

Plaintiff Ronnie Money Coleman brings this civil rights case pursuant to 42 U.S.C. § 1983. Magistrate Judge William G. Cobb issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants'[1] motion for summary judgment (ECF No. 91) in part and deny it in part. (ECF No. 124.) Coleman filed an objection ("Objection") but no response has been filed. (ECF No. 125.) The Court accepts the R&R in full.

**II.    BACKGROUND**

Coleman is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 5.) This action concerns events that occurred while Coleman was housed at High Desert State Prison ("HDSP"). (*Id.*)

Upon screening Coleman was allowed to proceed with two counts—Counts I and II. (ECF No. 6 at 6–7.) However, Coleman subsequently moved to dismiss Count II (ECF No. 121) and the Court granted the motion (ECF No. 122). Therefore, only a single count

///

---

[1]The remaining Defendants are Patrick Moreda and Dr. Richard Wulff. The R&R recommends dismissing Doe HDSP medical staff member without prejudice because Coleman has yet to identify that individual. (ECF No. 124 at 2.) The Court will accept this recommendation. Additionally, Dr. Noreen Borino has been dismissed without prejudice for lack of service under Federal Rule of Civil Procedure 4(m). (ECF No. 102.) The Court also granted Coleman's motion to dismiss Dr. John Erogul as a defendant. (ECF Nos. 86, 97.)

of deliberate indifference to serious medical need under the Eighth Amendment alleged in Count I of the complaint remains. (*See* ECF No. 6 at 5–6.) The count concerns alleged delay in treating Coleman's broken hand after he was transferred to HDSP ultimately resulting in a need for corrective surgery and hand deformity. (*Id.*) Count I proceeds only against the remaining Defendants, Patrick Moreda and Dr. Richard Wulff. Further background regarding this matter is included in the R&R (ECF No. 124) which the Court adopts.

### III. LEGAL STANDARD

#### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Coleman's Objection to the R&R, the Court has undertaken a de novo review of the issues to which Coleman objects, including the underlying briefs (ECF Nos. 91, 96 (errata), 98, 99) and relevant exhibits.

However, the Court need not—and does not—conduct de novo review of the portions of the R&R to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (providing that where a party fails to object the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection"); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

#### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**IV.   DISCUSSION**

In seeking summary judgment on Count I,[2] Defendants argue that they were not deliberately indifferent to Coleman's serious medical needs, and that they are entitled to qualified immunity. (ECF No. 91 at 6–8, 12–17.) In the R&R, Judge Cobb concluded that

///

---

[2] While Defendants provided briefing on Count II in the motion for summary judgment (ECF No. 91 at 8–12, 17), the briefing is no longer relevant because, as noted above, Count II was dismissed.

1 Moreda's conduct did not amount to deliberate indifference, but that Wulff's did. (ECF No. 124 at 12–13.) Judge Cobb additionally found that Wulff was not entitled to qualified immunity. (*Id.* at 13.) Accordingly, Judge Cobb recommends that summary judgment be granted to Defendants as to the claim against Moreda but denied as to the claim against Wulff. (*Id.* at 14.) The Court agrees with these recommendations.[3]

As a preliminary matter, there is no objection to the recommendation that Count I survive summary judgment as against Wulff. (ECF No. 124 at 12–13.) The Court is satisfied on the face of the record that there is no clear error because the Court agrees with Judge Cobb that there has been no explanation for the delay to provide an x-ray to Coleman particularly where there was clear instruction for him to be x-rayed immediately and Coleman suffered the further injury Judge Cobb detailed. (*Id.*; ECF No. 91-5 at 13; ECF No. 96-2 at 5; ECF No. 93-2 at 4; ECF No. 91-5 at 2; ECF No. 93-4 at 2–3 (concerning corrective surgery).) The Court will therefore accept this recommendation and not discuss the matter further.

In the Objection, Coleman materially only contends that the claim against Moreda should not have been dismissed because his hand was "still healing/broken" when it was brought to Moreda's attention and there is at least a dispute whether an appointment was scheduled for Coleman when Moreda became aware. (ECF No. 125 at 2.) As Judge Cobb noted in the R&R, Moreda's only action was in responding to Coleman's emergency grievance wherein Coleman stated he had been waiting for an x-ray since he arrived at HDSP. (ECF No. 124 at 12.) The emergency grievance is dated as sent by Coleman on September 21, 2016 at 8:40 am. (ECF No. 91-5 at 24–25.) It stated that Coleman arrived to HDSP on August 5, 2016, and was awaiting an x-ray to make sure his broken hand was healing properly and would not lead to deformity. (*Id.*) It appears a receiving staff received the grievance the next day at 9:10 a.m. (*Id.*) Moreda responded within the same hour, at 9:47 a.m., stating that the matter was not an emergency "per AR 740." (*Id.*) Moreda also

///

---

[3]The R&R appropriately reflects the applicable deliberate indifference framework so the Court will not recite it here. (*See* ECF No. 124 at 5–7.)

4

noted that the nurse had been contacted and the nurse informed that Coleman had a doctor's appointment. (*Id.*)

In response to the motion for summary judgment, Coleman disputes the latter notation, claiming that the statement was added after the fact. (*E.g.*, ECF No. 98 at 7.) In his Objection he says that "[t]here was no appointment for Plaintiff when it was address to Moreda." (ECF No. 125 at 2.) The two averments are obviously different. If it is the latter then there is no material dispute where there was no appointment at the time the matter was addressed to Moreda but then an appointment was scheduled for Coleman. To be sure, that would not amount to deliberate indifference.

Further, Judge Cobb has adequately addressed Coleman's other contention. (*See* ECF No. 124 at 12.) As Judge Cobb notes, Moreda's statement is corroborated by other evidence, namely Coleman's progress notes noting Moreda had called medical personnel at HDSP concerning Coleman's grievance and there was an email to place Coleman on the next appointment to see Wulff (*See* ECF No. 93-2 at 4 (9/22/16 note).). This corroboration of Moreda's notation renders it immaterial whether Moreda added the notation later. It is material to the claim of deliberate indifference only that Moreda contacted medical personnel who in turn confirmed an appointment. Given the corroboration of Moreda's statement juxtaposed Coleman's uncorroborated statement, there is simply no genuine dispute for the claim of deliberate indifference against Moreda to move forward. *See, e.g.*, *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (internal quotations and citations omitted) (providing that "uncorroborated and self-serving" statements cannot support a finding of a "genuine dispute").

Moreover, Judge Cobb concluded, and the Court agrees, that even if Moreda had done no more than respond that the grievance was a non-emergency his conduct would not rise to the level of deliberate indifference (*see* ECF No. 124 at 12). *See, e.g.*, *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (explaining that deliberate indifference "is a high legal standard" requiring conduct, in the context of medical needs, beyond medical

///

malpractice or even gross negligence). Accordingly, the Court will overrule the Objection and accept and adopt the R&R in full.[4]

## V. CONCLUSION

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 124) is accepted and adopted in its entirety.

It is further ordered that Doe HDSP medical staff member is dismissed without prejudice from this action for Coleman's failure to identify the individual at this juncture.

It is further ordered that Coleman's Objection (ECF No. 125) is overruled.

It is further ordered that Defendants' motion for summary judgment (ECF No. 91) is denied in part and granted in part. It is granted as to Defendant Moreda but denied as to Defendant Wulff.

DATED THIS 24th day of July 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Insomuch as Coleman claims he wishes to preserve objections as to dismissed Defendants—Dr. Borino and the recommendation that Doe HDSP medical staff member be dismissed (ECF No. 125 at 1)—the Court notes that these Defendants are no longer properly before the Court in this lawsuit.